FORM 26. Docketing Statement                                    Form 26 (p. 1)
                                                                July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2024-1587

**Short Case Caption:** TQ Delta, LLC v. CommScope Holding Company, Inc.

**Filing Party/Entity:** TQ Delta, LLC

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| E.D. Texas | 2:21-cv-310-JRG | Patent |

**Relief sought on appeal:** ☐ None/Not Applicable

See attachment to Docketing Statement.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

Compensatory damages of $11,125,000.00, pre- and post-judgment interest, and costs.

**Briefly describe the judgment/order appealed from:**

See attachment to Docketing Statement.

Nature of judgment (select one):                Date of judgment: 5/3/23

☑ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain)
   _____

FORM 26. Docketing Statement                                          Form 26 (p. 2)
                                                                         July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☐ None/Not Applicable

TQ Delta, LLC v. CommScope Holding Company, Inc., 2024-1588

Issues to be raised on appeal:  ☐ None/Not Applicable

See attachment to Docketing Statement.

Have there been discussions with other parties relating to settlement of this case?
☑ Yes  ☐ No

If "yes," when were the last such discussions?
☑ Before the case was filed below
☑ During the pendency of the case below
☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? ☑ Yes  ☐ No
Explain.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

Date: 4/4/24                Signature:  /s/ Peter J. McAndrews

                            Name:       Peter J. McAndrews

Save for Filing

**Attachment to Docketing Statement**

| Case Number: | 2024-1587 |
|---|---|
| Short Case Caption: | TQ Delta, LLC v. CommScope Holding Company, Inc. |
| Filing Party/Entity: | TQ Delta, LLC |

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| E.D. Texas | 2:21-cv-00310-JRG | Patent |

**Relief sought on appeal:**

Reversal of the verdict and judgment that Defendants did not infringe Claim 14 of U.S. Patent No. 8,090,008 ("the '008 Patent").

Reversal of the verdict and judgment that Claim 36 of U.S. Patent No. 7,570,686 ("the '686 Patent") and claim 10 of U.S. Patent No. 8,462,835 ("the '835 Patent") are invalid.

A new trial on damages and on the validity of the '835 Patent in which (1) the jury is properly instructed that cost savings attained by use of the claimed inventions and relevant to reasonable royalty damages need not be cost savings of the Defendants, (2) Defendants' expert is not allowed to opine on what constitutes the smallest saleable patent practicing unit, and (3) Plaintiff's expert is permitted to provide certain testimony distinguishing claim 10 of the '835 Patent from the prior art consistent with the district court's claim construction decision and plain meaning of the claim.

**Relief awarded below (if damages, specify):**

*See* Docketing Statement.

**Briefly describe the judgment/order appealed from:**

Final judgment that TQ Delta is awarded damages from and against Defendants in the amount of $11,125,000.00 as a reasonable royalty for Defendants' infringement, that Defendants did not infringe Claim 14 of the '008 Patent, that Claim 36 of the '686 Patent is invalid, and that Claim 10 of the '835 Patent is invalid; order denying TQ Delta's motion for a new trial on damages based on an incorrect jury instruction and the related ruling on TQ Delta's objection to that instruction; order and related rulings denying TQ Delta's motion to strike opinions of Defendants' damages expert and allowing those opinions to be expressed at trial; order denying TQ Delta's motion for a new trial on the validity of the '835 Patent and the related ruling preventing TQ Delta's expert witness from providing certain opinions distinguishing prior art; and any and all underlying or interlocutory decisions, orders, opinions, rulings, determinations, judgments, findings, or conclusions of the district court preceding, relating to, pertinent to, or ancillary to, or merged into the foregoing.

**Issues to be raised on appeal:**

TQ Delta intends to argue, among other things, that the district court erred in respects including, but not limited to, (1) entering judgment of non-infringement of claim 14 of the '008 Patent in the

absence of evidence legally sufficient to support the jury's verdict, (2) entering judgment of invalidity of claim 36 of the '686 Patent in the absence of evidence legally sufficient to support the jury's verdict, (3) entering judgment of invalidity of claim 10 of the '835 Patent in the absence of evidence legally sufficient to support the jury's verdict, (4) denying a new trial on damages after improperly instructing the jury that a damages model based on cost savings must be based on the cost savings to the Defendants and improperly allowing Defendants' damages expert to opine on the technical issue of what constitutes the smallest saleable patent practicing unit, and (5) denying a new trial regarding invalidity of claim 10 of the '835 patent and precluding TQ Delta's expert from providing testimony distinguishing claim 10 of the '835 Patent from the prior art consistent with the district court's claim construction decision and the plain meaning of the claim.